1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **ERIC FORSETER** and **KAYLA JOY SHERWOOD**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**PREMERA BLUE CROSS**, a Washington nonprofit Corporation,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## I.    **INTRODUCTION**

1.      Defendant Premera Blue Cross ("Premera") is one of the largest health insurers in the Northwest United States. Plaintiffs bring this case as a result of Premera's failure to properly secure and protect its users' sensitive, personally-identifiable information as well as its users' personal health information.

2.      On March 17, 2015, Premera publicly disclosed that its information technology systems had been accessed in May 2014 by unauthorized users, resulting in the exposure of the

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

confidential information stored in those systems, including names, dates of birth, email addresses, physical addresses, telephone numbers, Social Security Numbers, member identification numbers, bank account information, and medical insurance claim information, including clinical information, dating back to 2002.

3.      Premera's data security in its information technology systems was far below industry standards. Its data centers lacked access controls and other protocols and procedures to prevent unauthorized access to Premera's customers' private personal and health data.

4.      The U.S. Office of Personnel Management ("OPM") informed Premera its network lacked access controls and its information technology system and network security were vulnerable. As the Seattle Times reported, "Three weeks before hackers infiltrated Premera Blue Cross, federal auditors warned the company that its network security procedures were inadequate."[1]

5.      Plaintiffs and the Classes (described below)  they seek to represent have been damaged by Premera's conduct, in that they paid more than they would have had they known that Premera would fail to properly secure, as well as misuse, their personal and health information. Additionally, Plaintiffs and the Classes have been damaged because they purchased through the payment of a premium and used services of a quality different than they were promised and for which they contracted and or/paid.

6.       Plaintiffs bring this action as a class action seeking all appropriate damages and remedies available to them and members of the Classes proposed herein.

---

[1] Mike Baker, *Feds warned Premera about security flaws before breach*, Mar. 18, 2015, http://www.seattletimes.com/business/local-business/feds-warned-premera-about-security-flaws-before-breach/ (last visited Mar. 18, 2015).

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

## II.     PARTIES

7.      Plaintiff Eric Forseter is an individual and citizen of the state of Maryland. Plaintiff is insured through Premera and received notice that he was affected by Premera's data breach.

8.      Plaintiff Kayla Joy Sherwood is an individual and citizen of the state of Washington.  Plaintiff is insured through LifeWise Health Plan of Washington ("LifeWise WA") and received notice that she was affected by Premera's data breach.

9.      Defendant Premera Blue Cross is a Washington nonprofit corporation, headquartered in Montlake Terrace, Washington.  It is one of the largest health plans in the Northwest United States and conducts business throughout Washington, Oregon, and Alaska.

10.      The following are affiliates and/or subsidiaries of Premera:  Premera Blue Cross Blue Shield of Alaska; Connexion Insurance Solutions, Inc.; LifeWise WA; LifeWise Health Plan of Oregon, Inc.; LifeWise Assurance Company; and Vivacity, Inc.[2]

## III.     JURISDICTION AND VENUE

11.      This Court has original subject matter jurisdiction over this Class Action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  Members of the Classes (excepting the Washington Class, defined below) and the Defendant are citizens of different states within the meaning of 28 U.S.C. § 1332(d)(2)(A).  With respect to the Sixth and Seventh Causes of Action, this Court has jurisdiction pursuant to 28 U.S.C. § 1367(a).

12.      Each of the proposed Classes far exceeds 100 persons because Premera has estimated eleven million people have been affected by its data breach.  Pursuant to 28 U.S.C. §

---

[2] Unless otherwise indicated in this Complaint, all of the preceding entities are included in all references to Premera.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1332(d)(6), the aggregate amount of each of the Class's claims substantially exceeds $5,000,000 and thus exceeds the requisite amount in controversy set forth in 28 U.S.C. § 1332(d)(2).

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b) on the grounds that all or a substantial portion of the acts giving rise to the violations occurred in this judicial district.

## IV.     FACTUAL ALLEGATIONS

*Premera Promised to Protect Its Customers' Confidential Information*

14.     Premera maintains a Notice of Privacy Practices[3] that states it is "committed to maintaining the confidentiality of your [its customers] medical and financial information…" It further states that Premera is "required by law to protect the privacy of your [its customers] personal information…"[4] Premera's Notice of Privacy Practices also lists how Premera may use and disclose its customers' information.

*In April 2014, the OPM Warned Premera That Its Information Technology Systems Were Vulnerable to Attack Because of Inadequate Security Precautions*

15.     Like many health insurance providers, Premera stores its customers' personal information, including their names, addresses, phone numbers, social security numbers, and health information on networked computer servers at one or more data centers.

16.     However, unlike some other insurance providers' data centers, Premera's data centers lacked certain access controls and other protocols and procedures to prevent unauthorized physical and/or logical access to Premera's customers' private data.

---

[3] Premera Blue Cross Notice of Privacy Practices, https://www.premera.com/wa/visitor/privacy-policy/ (last visited Mar. 18, 2015).
[4] *Id.*

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

4

17.     The missing access controls included, but were not necessarily limited to, multi-factor authentication and "piggybacking" prevention for physical access to Premera's data center.

18.     Premera also failed to maintain adequate network security to prevent and/or monitor unauthorized access to its computer networks, including those on which private customer data was stored.

19.     In April 2014, OPM provided Premera with draft findings from its audit of Premera, which, among other things, outlined missing access controls and network security vulnerabilities.

20.     For instance, Premera failed to implement software patches, including critical patches, service packs, and hot fixes, in a timely manner, and lacked a methodology for ensuring it did not use unsupported or otherwise out-of-date software. The Federal Information System Controls Audit Manual ("FISCAM") and National Institute of Standards and Technology's Special Publication ("NIST SP") both state that organizations like Premera should frequently scan and update their computer software to detect, correct, and prevent system flaws and vulnerabilities.

21.     One or more of Premera's servers contained software applications that were no longer supported by the software's vendors and that had known security vulnerabilities. FISCAM specifically states that organizations such as Premera should have procedures that "ensure only current software releases are installed in information systems. Noncurrent software may be vulnerable to malicious code such as viruses and worms."

22.     One or more of Premera's servers were insecurely configured in a manner that could allow hackers or other unauthorized users to gain access to sensitive and proprietary

CLASS ACTION COMPLAINT

information. NIST SP 800-53 Revision 4 specifically states that organizations such as Premera must perform scans of their systems for vulnerabilities and then remediate legitimate vulnerabilities.

23.     Premera further failed to develop, document, and maintain a current server operating system baseline configuration, as required by NIST SP 800-53 Revision 4, for one or more of its servers. Without such a baseline configuration, Premera could not effectively audit its server and database security settings. The lack of such a baseline configuration also increased the risk that Premera's systems would not meet various performance and security requirements.

*Unauthorized Users Gained Access to Premera's Information Systems in May 2014*

24.     On or about May 5, 2014, unauthorized users gained access to Premera's information technology systems and the confidential information stored in those systems, including information from insurance applicants; members of other Blue Cross Blue Shield plans who sought treatment in Washington, Oregon, or Alaska; and current and former Premera customers, whom Premera calls "members." That information included names, dates of birth, email addresses, physical addresses, telephone numbers, Social Security Numbers, member identification numbers, bank account information, and medical insurance claim information, including clinical information, dating back to 2002.

25.     Premera has publicly claimed that it did not discover that unauthorized users had gained access to its information technology systems and the information stored on them until January 29, 2015,[5] nearly eight months after the unauthorized access occurred.

26.     Premera did not publicly disclose that unauthorized users had accessed its information technology systems until March 17, 2015.

---

[5] Premera Blue Cross, http://www.premeraupdate.com (last visited Mar. 30, 2015).

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

27.     Premera has established a website, www.premeraupdate.com, on which it admits "Attackers gained unauthorized access to our IT systems and may have accessed the personal information of our members, employees and other people we do business with."[6]

28.     Premera has publicly stated that confidential information from approximately 11 million of its current and former customers may have been compromised.

## V.     FACTS RELATING TO NAMED PLAINTIFFS

29.     Plaintiff Forseter's insurance coverage through Premera commenced more than eight years ago, and he has received insurance coverage from Premera since that time. Plaintiff Forseter is a current Premera customer and cardholder.

30.     Plaintiff Sherwood's insurance coverage through LifeWise WA commenced more than two years ago, and she has received insurance coverage from LifeWise WA since that time. Plaintiff Sherwood is a current LifeWise WA customer and cardholder.

31.      In applying for and maintaining insurance with Premera, Plaintiffs entrusted Premera with their private, confidential information, including their names, dates of birth, email addresses, physical addresses, telephone numbers, Social Security Numbers, bank account information, and insurance claim information, including clinical information.

32.     At the time Plaintiffs became customers of Premera, and at all times since, they had a reasonable expectation that Premera would protect their confidential information from unauthorized disclosure. However, Plaintiffs received notice from Premera that they were or could be affected by the data breach that is the subject of this lawsuit.

33.     As a result of Premera's misrepresentations and actions, Plaintiffs and the Classes have suffered injuries including, but not limited to, the following:

---

[6] *Id.*

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

a.    Theft of their personal and financial information;

b.    Costs associated with the detection and prevention of identity theft;

c.    Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the data breach, and the stress, nuisance, and annoyance of dealing with all issues resulting from the Premera data breach;

d.    The imminent and impending injury flowing from potential fraud and identity theft posed by their personal and financial information being placed in the hands of hackers;

e.    Premiums paid to Premera for health insurance during the period of the Premera data breach, in that customers would not have obtained insurance from Premera had Premera disclosed that it lacked adequate systems and procedures to reasonably safeguard customers' personal and financial information and had Premera provided timely and accurate notice of the Premera data breach;

f.    Premium overpayments paid to Premera for health insurance purchased during the Premera data breach in that a portion of the price for insurance paid by customers to Premera was for the costs of Premera providing reasonable and adequate safeguards and security measures to protect customers' and insureds' personal and financial data, which Premera failed to do, and as a result, customers did not receive what they paid for and were overcharged by Premera; and

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

g.   Continued risk to customers of their personal and financial information, which remains in the possession of Premera and which is subject to further breaches so long as Premera fails to undertake appropriate and adequate measures to protect customers' data in its possession.

## VI.   CLASS ACTION ALLEGATIONS

34.   Plaintiffs brings this lawsuit as a class action on their own behalf and on behalf of all other Premera insureds who are similarly situated as members of proposed plaintiff Classes pursuant to FRCP 23(a) and (b)(3). Each of the proposed Classes satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

35.   The Class that Plaintiffs seek to represent in connection with the First through Fifth Causes of Action is defined as follows:

All individuals and entities in the United States whose personal information was compromised as a result of the Premera Blue Cross data breach that occurred sometime in or about May 2014 and was first disclosed to the public on March 17, 2015 (the "Nationwide Class").

36.   The Class that Plaintiffs seek to represent with respect to the Sixth and Seventh Causes of Action is defined as follows:

All individuals and entities residing in the State of Washington whose personal information was compromised as a result of the Premera Blue Cross data breach that occurred sometime in or about May 2014 and was first disclosed to the public on March 17, 2015 (the "Washington Class").

37.   The Class that Plaintiffs seek to represent with respect to the Eighth and Ninth Causes of Actions is defined as follows:

All individuals and entities residing in the State of Oregon whose personal information was compromised as a result of the Premera Blue Cross data breach

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

that occurred sometime in or about May 2014 and was first disclosed to the public on March 17, 2015 (the "Oregon Class").

38.     Excluded from the Classes are: (1) Premera, any entity in which Premera has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors; and (2) the judge to whom this case is assigned and any member of the judge's immediate family.

**Numerosity of Class and Ascertainability of the Class**

39.     Plaintiffs are representatives of all other persons and entities who entrusted their private information to Premera.  The similarly situated consumers are readily identifiable through Premera's own business records, including but not limited to application and enrollment records.

40.     The potential members of the Classes as defined are so numerous that joinder of all  members is impracticable. Although the precise number of such consumers is unknown, Plaintiffs believe that there are millions of members for each of the Classes.

**Typicality**

41.     The claims of Plaintiffs are typical of claims of the classes they seek to represent. Plaintiffs and members of the Classes entrusted their personal information to Premera.

42.     The factual bases of Premera's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

43.     Plaintiffs and all members of the Classes have suffered damages resulting from Premera's wrongful conduct.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

**Predominance of Common Questions of Fact and Law**

44.     Questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, including without limitation and as alleged herein, the following:

> a.     Whether Premera failed to protect its customers' personal information with industry-standard protocols and technology;
>
> b.     Whether Premera's practices are false, misleading, or reasonably likely to deceive;
>
> c.     Whether Premera failed to disclose material facts relating to the character and quality of its securities practices;
>
> d.     Whether Premera's conduct was reckless;
>
> e.     Whether Premera's conduct constitutes a breach of contract; and
>
> f.     Whether Premera's conduct was negligent.

45.     Resolution of these questions, which are common to all members of the Classes, will generate common answers that are likely to drive the resolution of this action.

**Adequacy of Representation**

46.     Plaintiffs Eric Forseter and Kayla Joy Sherwood will fairly and adequately represent and protect the interests of members of the Classes. The interests of Plaintiffs and Plaintiffs' counsel are not in conflict with those of members of the Classes.  Plaintiffs and Plaintiffs' counsel will prosecute this action vigorously on behalf of members of the Classes. Plaintiffs' counsel are competent and experienced in litigating large class actions and other complex litigation matters, including data breach cases.

CLASS ACTION COMPLAINT

**Superiority of Class Action**

47.     Absent class treatment, Plaintiffs and members of the Classes will continue to suffer harm and damages as a result of Premera's unlawful and wrongful conduct.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Without a class action, individual Class members would face burdensome litigation expenses, deterring them from bringing suit or adequately protecting their rights. Members of the Classes would continue to incur harm without remedy absent a class action, while Premera would continue to reap the benefits of its misconduct.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of Premera's practices.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

49.     Plaintiffs bring this Cause of Action on behalf of the Nationwide Class.

50.     Plaintiffs reallege and incorporate paragraphs 1-35 and 38-48 as though fully set forth herein.

51.     Plaintiffs and the Nationwide Class entered into contracts for the purchase of services from Premera that included representations by Premera that it took steps to secure customers' private information, including, but not limited to, compliance with federal and state statutes, rules, and regulations governing privacy of information and preventing access to personal information except by employees and business associates.

52.     Premera's representations regarding privacy and data security were made to Plaintiffs and the Nationwide Class before Plaintiffs and the Nationwide Class purchased services from Premera.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

53.     Premera represented that it was required by law to abide by the terms of its confidentiality policy.

54.     Plaintiffs and the Nationwide Class performed all obligations under the contract, if any, requisite to Premera's performance.

55.     Plaintiffs and the Nationwide Class paid for, but never received, the privacy protections to which they were entitled.  Part of the price of the services they purchased included security and data protection.

56.     Premera's conduct constitutes a breach of its contract with Plaintiffs and the other Nationwide Class members.

57.      Plaintiffs, on their own behalf and on behalf of all other Nationwide Class members, seek an award of damages in an amount to be proven at trial

**SECOND CAUSE OF ACTION – NEGLIGENCE**

58.     Plaintiffs bring this Cause of Action on behalf of the Nationwide Class.

59.     Plaintiffs reallege and incorporate paragraphs 1-35, 38-48, and 51-55 as though fully set forth herein.

60.     Premera owed a duty to Plaintiffs and the Nationwide Class to exercise reasonable care in obtaining, retaining, and safeguarding customers' personal financial information.

61.      Premera owed a duty to Plaintiffs and the Nationwide Class to adequately protect its customers' personal and financial information.

62.     Premera breached its duties by: (a) unreasonably allowing an unauthorized third-party intrusion into its computer systems; (b) failing to reasonably protect against such an intrusion; (c) unreasonably allowing third parties to access the personal and private information

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1    of its customers; and (d) failing to appropriately monitor its systems to detect unauthorized
2    access.

3    63.    Premera knew or should have known of its duties regarding security of private
4    customer information, as well as the attendant risks of retaining personal data and the importance
5    of providing adequate security.

6    64.    As a direct and proximate result of Premera's careless and negligent conduct,
7    Plaintiffs and the Nationwide Class have suffered damages in an amount to be proven at trial.

9    65.    Plaintiffs and the Nationwide Class expect that financial losses will grow as
10   additional fraudulent use of customer's private information is discovered.

**THIRD CAUSE OF ACTION – ACTIONABLE MISREPRESENTATION**

13   66.    Plaintiffs bring this Cause of Action on behalf of the Nationwide Class.

14   67.    Plaintiffs reallege and incorporate paragraphs 1-35, 38-48, 51-55, and 60-63 as
15   though fully set forth herein.

16   68.    Premera was required to comply with certain standards for collecting and securing
17   personal private data. In order to comply with those standards, Premera was required to
18   adequately protect stored data, to monitor access to that data, and not to disclose that data beyond
20   authorized boundaries.

21   69.    Plaintiffs and the Nationwide Class reasonably relied on the reasonable
22   expectation that Premera, a large health insurance company, would comply with standards
23   governing the collection and securing of private personal data.

24   70.    Premera represented that it did comply with its obligations related to the security
25   of personal private data.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

71.     Premera knew or should have known that it was not in compliance with its obligations to secure customers' personal data.

72.     Premera failed to communicate material information to Plaintiffs and the Nationwide Class regarding its non-compliance with its obligations to secure customers' personal and financial data.

73.     Premera's failure to inform Plaintiffs and Nationwide Class members that it was not in compliance with its obligations was a material omission, which it should have disclosed to Plaintiffs and the Nationwide Class members.

74.     Premera's representation that it was in compliance with its obligations was a material misrepresentation.

75.     Premera knew that its data was insecure and continued to misrepresent it was otherwise.

76.     Had Premera informed Plaintiffs and the Nationwide Class members of its non-compliance with its obligations to secure customer personal data, Plaintiffs and the Nationwide Class would have been better able to protect themselves from the damages they have incurred and continue to incur.

77.     As a direct and proximate result of Premera's negligent and improper conduct, Plaintiffs and the Nationwide Class have suffered damages.

## FOURTH CAUSE OF ACTION – FAILURE TO TIMELY DISCLOSE BREACH UNDER RCW 19.255.010

78.     Plaintiffs bring this Cause of Action on behalf of the Nationwide Class.

79.     Plaintiffs reallege and incorporate paragraphs 1-35 and 38-48, 51-55, 60-63, and 68-76 as though fully set forth herein.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

80.     Premera is a business that conducts business in the State of Washington and that owns or licenses computerized data that includes personal information, as that term is defined in RCW 19.255.010.

81.     On or about May 5, 2014, unauthorized users gained access to Premera's information technology systems, breaching the security of the information technology system that stored Plaintiffs' personal information. Premera allowed an unauthorized acquisition of computerized data that compromised the security, confidentiality, or integrity of personal information maintained by Premera.

82.     Premera knew or should have known that the breach occurred, but due to its own negligent monitoring of its information technology systems containing personal information, did not discover the breach until January 29, 2015.

83.     Premera did not notify the persons whose data was breached of the data breach until at least March 17, 2015.

84.     Premera's failure to disclose the breach of the security of the system storing personal information until more than ten months after the breach occurred, and more than six weeks after the breach was purportedly discovered, constituted unreasonable delay and was not a disclosure in the most expedient time possible.

85.     As a direct and proximate result of Premera's failure to provide reasonably prompt disclosure, Plaintiffs and the Nationwide Class have suffered damages.

## FIFTH CAUSE OF ACTION – VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT

86.     Plaintiffs bring this Cause of Action on behalf of the Nationwide Class.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

87.     Plaintiffs reallege and incorporate paragraphs 1-35, 38-48, 51-55, 60-63, 68-76, and 80-84 as though fully set forth herein.

88.     Premera's allowance of unauthorized acquisition of computerized data that compromised the security, confidentiality, or integrity of personal information of Nationwide Class members, as well as other conduct set forth in this Complaint, including, but not limited to Premera's failure to inform members of the Nationwide Class that it was not complying with reasonable standards for the collection and securing of personal private data, constitutes unfair or deceptive acts or practices.

89.     Premera's actions occurred in the conduct of trade or commerce, and impacted the interests of members of the Nationwide Class which number in the millions.

90.     Premera's actions as set forth in this Complaint injured Nationwide Class members in their business or property.

91.     As a direct and proximate result of Premera's actions, Plaintiffs and the Nationwide Class have suffered damages.

**SIXTH CAUSE OF ACTION – FAILURE TO TIMELY DISCLOSE BREACH UNDER RCW 19.255.010**

92.     Plaintiffs bring this Cause of Action on behalf of the Washington Class.

93.     Plaintiffs reallege and incorporate paragraphs 1-34, 36, 38-48, 51-56, 60-63, 68-76, 80-84, and 88-90 as though fully set forth herein.

94.     As a direct and proximate result of Premera's failure to provide reasonably prompt disclosure, Plaintiffs and the Washington Class have suffered damages.

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

## SEVENTH CAUSE OF ACTION – VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT

95.     Plaintiffs bring this Cause of Action on behalf of the Washington Class.

96.     Plaintiffs reallege and incorporate paragraphs 1-34, 36, 38-48, 51-55, 60-63, 68-76, 80-84, 88-90 and 94 as though fully set forth herein.

97.     Premera has committed an unfair or deceptive act or practice occurring in trade or commerce.  Premera's conduct has adversely impacted the public interest and the interests of millions of Washington Class members.

98.     As a direct and proximate result of Premera's violations of the Washington Consumer Protection Act, Plaintiffs and the Washington Class have been injured in their business or property and have suffered damages.

## EIGHTH CAUSE OF ACTION – FAILURE TO TIMELY DISCLOSE BREACH UNDER ORS 646A.604

99.     Plaintiffs bring this Cause of Action on behalf of the Oregon Class.

100.     Plaintiffs reallege and incorporate paragraphs 1-34, 37-48, 51-55, 60-63, and 68-76 as though fully set forth herein.

101.     Premera is a business that conducts business in the State of Oregon and that owns, maintains, licenses or otherwise possesses computerized data that includes personal information, as that term is used in ORS 646A.604.

102.     Premera's failure to disclose the breach of the security of the system storing personal information until more than ten months after the breach occurred, and more than six weeks after the breach was purportedly discovered, constituted unreasonable delay and was not a disclosure in the most expedient time possible.

CLASS ACTION COMPLAINT

103.     As a direct and proximate result of Premera's failure to provide reasonably prompt disclosure, Plaintiffs and the Oregon Class have suffered damages.

## NINTH CAUSE OF ACTION – VIOLATIONS OF OREGON'S UNFAIR TRADE PRACTICES ACT

104.     Plaintiffs bring this Cause of Action on behalf of the Oregon Class.

105.     Plaintiffs reallege and incorporate paragraphs 1-34, 37-48, 51-55, 60-63, 68-76, and 101-102 as though fully set forth herein.

106.     Premera is a business that conducts business in the State of Oregon and that owns, maintains, licenses or otherwise possesses computerized data that includes personal information, as that term is defined in ORS 646A.602 and used in ORS 646A.604.

107.     Premera's allowance of unauthorized acquisition of computerized data that compromised the security, confidentiality, or integrity of personal information of Oregon Class members, as well as other conduct set forth in this Complaint, including, but not limited to Premera's failure to inform members of the Oregon Class that it was not complying with reasonable standards for the collection and securing of personal private data, constitutes unlawful, unfair or deceptive trade acts or practices.

108.     As a direct and proximate result of Premera's violations of the Oregon Unlawful Trade Practices Act, Plaintiffs and the Oregon Class have suffered losses of money or property and have suffered damages.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all members of the Classes, seeks the following relief against Premera:

1.     An order certifying this action as a class action under Fed. R. Civ. P. 23, and defining the Classes as requested herein;

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

2.      Damages in an amount according to proof, including actual, compensatory, and consequential damages incurred by Plaintiffs and members of the Classes;

3.      Pre- and post-judgment interest on monetary damages;

4.      An award to Plaintiffs and members of the Classes of reasonable attorneys' fees and costs, to be paid by Premera;

5.      Leave to amend the Complaint to conform to evidence produced at trial; and,

6.      An award of such other and further relief as this Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury to the extent authorized by law.

Dated:  March 31, 2015          **ZWERLING, SCHACHTER & ZWERLING, LLP**

By:      s/ Dan Drachler
Dan Drachler (WSBA #27728)
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053
Facsimile:  (206) 343-9636
ddrachler@zsz.com

Robert S. Schachter
Sona R. Shah
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:  (212) 371-5969
rschachter@zsz.com
sshah@zsz.com

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1

**COHEN & MALAD, LLP**
Irwin B. Levin

2

Richard E. Shevitz
Lynn A. Toops

3

One Indiana Square, Ste. 1400
Indianapolis, IN 46204

4

Telephone:  (317) 636-6481
Facsimile: (317) 636-2495

5

ilevin@cohenandmalad.com

6

rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com

7

8

*Counsel for Plaintiffs and the Proposed Classes*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053